IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-cv-00503-M-RN

U.S. SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

DHARMA TEJA NAKURAPU,
SHARKDREAMS, INC., and D DOLLAR,
INC.

    Defendants.

JUDGMENT

This matter comes before the court on the parties' Joint Motion for Entry of Proposed Final Judgment Against Defendants. [DE 35]. After careful review of the submitted materials, the motion is GRANTED and judgment is entered against Defendants.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. § 77q(a)) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants'

2

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act (15 U.S.C. § 78u(d)(1) and (5)), and Section 20(b) of the Securities Act (15 U.S.C. § 77t(b)), Defendants are permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendants, participating in the issuance, purchase, offer, or sale of any security. The injunction shall not, however, prevent Defendant Nukarapu from purchasing or selling securities for his own personal account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act (15 U.S.C. § 78u(d)(2)), Defendant Nukarapu is barred from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act (15 U.S.C. § 78l) or that is required to file reports pursuant to Section 15(d) of the Exchange Act (15 U.S.C. § 78o(d)) for a period of ten years.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Nukarapu is individually liable for disgorgement of **$333,490** and prejudgment interest thereon of **$90,108**; and that Defendant Nukarapu is additionally liable, jointly and severally with Defendant Sharkdreams, for disgorgement of **$522,320** and prejudgment interest thereon of

3

**$143,946**; and that Defendant Nukarapu is additionally liable, jointly and severally with Defendant D Dollar, for disgorgement of **$52,020** and prejudgment interest thereon of **$12,212**. All of these foregoing amounts represent net profits gained as a result of the conduct alleged in the Complaint. Each Defendant is further liable for a civil penalty in the following amounts: for Defendant Nukarapu, **$300,000**; for Defendant Sharkdreams **$300,000**; and for Defendant D Dollar **$300,000**, each penalty being pursuant to Securities Act Section 20(d) (15 U.S.C. § 77t(d)), and Exchange Act Section 21(d)(3) (15 U.S.C. § 78u(d)(3)). The Defendants shall satisfy this obligation pursuant to the terms of the payment schedule set forth in paragraph VI below after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Dharma Teja Nukarapu, SharkDreams, and/or D Dollar as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment,

4

Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages

5

Case 5:23-cv-00503-M-RN    Document 36    Filed 03/06/25    Page 5 of 8

Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages

award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Defendant Nukarapu shall pay the total of disgorgement, civil penalty, and prejudgment interest due individually by him of $723,598 in 4 installments to the Commission according to the following schedule, which shall accrue post-judgment interest pursuant to 28 U.S.C. § 1961:

1. Paying $100,000 within 90 days of entry of this Final Judgment;
2. Paying $207,866 within 180 days of entry of this Final Judgment;
3. Paying an additional $207,866 within 270 days of entry of this Final Judgment; and
4. Paying an additional $207,866 within 360 days of entry of this Final Judgment.

Nukarapu and SharkDreams shall pay the total disgorgement and prejudgment interest due jointly and severally by them by paying $666,266 in 3 installments to the Commission according to the following schedule, which shall accrue post-judgment interest pursuant to 28 U.S.C. § 1961:

1. Paying $222,090 within 180 days of entry this Final Judgment;
2. Paying an additional $222,088 within 270 days of entry this Final Judgment; and
3. Paying an additional $222,088 within 360 days of entry this Final Judgment.

Additionally, SharkDreams shall pay the civil penalty of $300,000 in 4 installments to the Commission according to the following schedule, which shall accrue post-judgment interest pursuant to 28 U.S.C. § 1961:

1. Paying $100,000 within 90 days of entry of this Final Judgment
2. Paying $66,668 within 180 days of entry of this Final Judgment;
3. Paying an additional $66,666 within 270 days of entry of this Final Judgment; and
4. Paying an additional $66,666 within 360 days of entry of this Final Judgment.

Defendants Nukarapu and D Dollar shall pay the total disgorgement and prejudgment interest due jointly and severally by them by paying $64,232 in 3 installments to the Commission according to the following schedule, which shall accrue post-judgment interest pursuant to 28 U.S.C. § 1961:

1. Paying $21,412 within 180 days of entry of this Final Judgment;
2. Paying an additional $21,410 within 270 days of entry of this Final Judgment; and
3. Paying an additional $21,410 within 360 days of entry of this Final Judgment.

Additionally, D Dollar shall pay the civil penalty of $300,000 in 4 installments to the Commission according to the following schedule, which shall accrue post-judgment interest pursuant to 28 U.S.C. § 1961:

1. Paying $50,000 within 90 days of entry of this Final Judgment;
2. Paying $83,334 within 180 days of entry of this Final Judgment;
3. Paying an additional $83,333 within 270 days of entry of this Final Judgment; and
4. Paying an additional $83,333 within 360 days of entry of this Final Judgment.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any

unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, each Defendant shall contact the staff of the Commission for the amount due for the final payment.

If any Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments due by that Defendant under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

SO ORDERED this 6th day of March, 2025.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE